# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COMMONWEALTH OF VIRGINIA v. N. B. MAYO.

January 19, 1928.

Absent, Burks, J.

1. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Acts 1924, Chapter 407, Code of 1924, Section 4675 (28)—Relief Against Forfeiture—Questions of Law and Fact—Case at Bar.*—The instant case was a proceeding under the prohibition act (Acts 1924, page 602, section 28, Code 1924, section 4675 (28)) to condemn an automobile as having been used in the illegal transportation of intoxicating liquors. The owner of the car filed a petition alleging that he had loaned it to the driver of the car, and that he had no knowledge of the driver's unlawful purpose and prayed that the car might be returned to him. The court empaneled a jury and submitted to it the questions of whether or not the owner of the car was ignorant of the use of his car in the illegal transportation of ardent spirits, and whether he connived at or consented to its use for such illegal transportation.

   *Held:* That whether or not relief from the forfeiture which is permitted by the statute (Acts 1924, page 602, section 28, Code of 1924, section 4675 (28)) shall in a particular case be accorded is not one of the questions of fact which may be submitted to a jury as provided by chapter 131, sections 3366-3377, Code of 1919.

2. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Acts 1924, Chapter 407, Code of 1924, Section 4675 (28)—Relief Against Forfeiture—Questions of Law and Fact.*—Under Acts 1924, page 602, section 28 (Code of 1924, section 4675 (28)), providing for relief of an innocent owner from forfeiture of an automobile, questions of fact such as those involving the identity of the automobile, whether it was employed in the illegal transportation of intoxicating liquor, or any other pertinent fact showing that the particular automobile should not be confiscated, may arise, and should be submitted to a jury.

3. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Acts 1924, Chapter 407, Code of 1924, Section 4675 (28)—Relief Against Forfeiture—Questions of Law and Fact—Case at Bar.*—In the instant case, a proceeding under Acts 1924, page 602, section 28 (Code of 1924, section 4675 (28)) for condemnation of an automobile employed in the illegal transportation of intoxicating liquors, the sole question involved

was whether or not the trial court should, under the facts shown, relieve the owner of the forfeiture. The solution of this question rests in the sound judicial discretion of the trial court, subject to review in proper cases of course, and clearly it is not an issue which should be submitted to the jury.

4. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Acts 1924, Chapter 407, Code of 1924, Section 4675 (28)—Relief Against Forfeiture—Questions of Law and Fact—Remand of Case—Case at Bar.*—The Supreme Court of Appeals will not undertake to review the evidence upon a petition of an owner of an automobile to be relieved against forfeiture of the vehicle for the illegal transportation of intoxicating liquor under Acts 1924, page 602, section 28 (Code of 1924, section 4675 (28)) until the trial court has adjudicated the question of whether under the facts shown the owner of the automobile should be relieved from the forfeiture. In the instant case, for the error in submitting this question to the jury, and in apparently accepting their verdict as decisive, the case was remanded with directions to the trial judge to exercise the discretion vested by the statute in him, and to express his conclusion as required by law.

Error to a judgment of the Corporation Court of the city of Alexandria.

*Remanded.*

The opinion states the case.

*John R. Saunders, Attorney-General,* and *Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General,* for the Commonwealth.

No appearance for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

It appears that one Monroe was apprehended on January 16, 1927, in Alexandria, driving a Buick coupe, engine No. 1370924, Virginia license No. 11,496, for 1927, in which he had a large quantity of ardent spirits which he was transporting illegally. The attorney for the Commonwealth filed an information under

the statute for the condemnation of the automobile, and the defendant in error, N. B. Mayo, filed his petition, alleging that being the owner of the automobile, he had loaned it to Monroe, in Richmond, in order to take home a lady friend who was with him, and that he requested Monroe to place the car in his, the owner's, garage as soon as his trip had been completed; that later he learned of the arrest of Monroe and of the charge against him of illegal transportation of ardent spirits therein. He averred that he had no knowledge of Monroe's unlawful purpose and prayed that the automobile might be returned to him as authorized by statute.

Among the errors assigned by the Commonwealth is this: The trial court empaneled a jury and submitted to it the questions as to whether Mayo was ignorant of the use of his car in the illegal transportation of ardent spirits, and whether he connived at or consented to its use for such illegal transportation.

The controlling statute, prohibiting transportation, etc., of ardent spirits is found in Acts 1924, page 593. The section is 28 (page 602), of which the pertinent portion is copied in the margin.*

---

*"Any person interested may appear and be made a party defendant and make defense to the information, which must be done by answer under oath, and the proceedings shall conform as nearly as practicable to chapter one hundred and thirty-one of the Code of Virginia of nineteen hundred and nineteen."

After providing for the forfeiture, this appears:

"Provided, that the forfeiture provided for in this section shall not apply to the transportation in personal baggage of the quantity of ardent spirits permitted by this act. And provided, further, that whenever a quantity of ardent spirits is illegally transported in any automobile or other vehicle and it shall appear to the satisfaction of the court from the evidence that the owner or lienor of such vehicle and team, automobile, boat or other conveyance, was ignorant of the illegal use to which the same was put, and that such illegal use was without his connivance or consent, express or implied, and that such lienor has prior to the commission of such offense duly recorded in the county or corporation in which the debtor resides, the instrument creating such lien and that said innocent owner has perfected his title to the vehicle, if the same be an automobile, by proper transfer in

The proper construction of the cited provisions of this statute is involved. The controlling language is: "Then such court shall have the right to relieve such owner or lienor from the forfeiture herein provided." It seems to us quite apparent from the language referred to that the trial court has misconstrued it.

[1-3] Whether or not relief from the forfeiture which is permitted by the statute shall in the particular case be accorded, is not one of the questions of fact which may be submitted to a jury as provided for in Chapter 131 of the Code, which is referred to. Questions of fact such as those involving the identity of the automobile, whether it was employed in the illegal transportation of intoxicating liquor, or any other pertinent fact showing that the particular automobile should not be confiscated, may arise, and should be submitted to a jury. But no such issues are raised by the evidence relied on here by the claimant of this automobile. The sole question here involved is whether or not the trial court should, under the facts shown, relieve the owner of the forfeiture. The solution of this question rests in the sound judicial discretion of the trial court, subject to review in proper cases of course, and clearly it is not an issue which should be submitted to the jury. A jury might think that the automobile should be forfeited, while the trial judge might be clear in his view that the owner or lienor was innocent, and that he should exercise his judicial discretion and relieve him from the forfeiture, in which event the views of judge prevail. This seems to us quite manifest from a consideration of the language which is used.

the office of the Secretary of the Commonwealth, as provided by law, then such court shall have the right to relieve such owner or lienor from the forfeiture herein provided; provided, however, such lienor or innocent owner shall pay the costs incident to the capture and custody of such automobile or other vehicle and to the trial of said cause."

The question is important and the practice should be uniform. Our view of this matter is that the trial judge must accept the responsibility which the statute imposes, and that he cannot relieve himself of it by submitting the question to a jury.

In this case, the court submitted the following questions to the jury:

"1. Does it appear to the satisfaction of the jury from the evidence that the petitioner, Mayo, was ignorant of the illegal use to which said car was put?

"2. Does it appear to the satisfaction of the jury from the evidence that the use of said car for transportation of ardent spirits was without connivance or consent, expressed or implied, of the petitioner, Mayo, and for the trial of said issues petitioner Mayo shall be the plaintiff and the Commonwealth of Virginia the defendant."

[4] The trial judge has never expressed any opinion whatever as to these questions, unless his refusal to set aside the verdict should be so construed. It seems to us clear, then, that we should not undertake to review the evidence until the trial court has adjudicated the question which the petition of the owner of the automobile raises.

For the error in submitting this question to the jury, and in apparently accepting their verdict as decisive, the case is remanded, with directions to the trial court judge to exercise the discretion which the statute vests in him, and to express his conclusion as required by law.

*Remanded.*